JUDGE HAB.DIÍT
deliteked the following dissenting opinion:
The action of the judge of the Boone Circuit Court in proceeding upon a public notice of eight days only to hold a special term of that court, at which the appellant was tried and convicted of murder, presents a question as important as it is novel in the history of the jurisprudence of this state; and as I entertain views of that question essentially different from those expressed in the opinion of the'majority of the court, I deem it proper to state the reasons for my conclusions on that branch of the case in a separate opinion.
It needs scarcely to be suggested that by the constitutional requirements that “a circuit court shall be established in each county,” and that “all courts shall be open” for the administration of justice by “due course of law,” as well as the arrangement and structure of our circuit court system, it is contemplated that each court shall be constituted by the concurrent action of the presiding judge and certain local ministerial officers publicly convened at particular times only, designated by express law, or some official act of sufficient publicity and certainty, to notify the people of the holding of the court; and that this unmistakable public notification of the convening of the court is necessary for the prevention of surprise and injustice is too manifest for argument or illustration. Realizing this necessity as one of vital importance, the legislature in various statutes, enacted from time to time with reference to the organization of the circuit courts, has taken care to define with certainty the times of the commencement and duration of the terms of the courts in each county, not recognizing the right of the presiding judges, except in a very *330 limited manner, to hazard the fair and just administration of law by convening their courts at uncertain or unexpected times, howevér much such a course might subserve the convenience of the judges or particular litigants, or in some isolated cases hasten the punishment of guilty offenders.
While therefore, under the 12th article of chapter 27 of the Revised Statutes, a judge may hold a special term of the court “ for the trial of chancery, penal, or criminal causes ” . . “ when the business requires it,” upon ten days’ notice publicly posted at the court-house door, if the special term is ordered by the judge in vacation, as in this case, it is obvious that this is but an exceptional mode of convening the court, which for reasons of apparent temporary necessity the judge is permitted to adopt in derogation of the general and much safer one prescribed by positive law; and, like any other special authority conferred upon an officer for some particular purpose and, impairing .the force of a general law, it ought not to be construed with such liberality as to defeat any essential condition or limitation of its exercise, which the enactment conferring such special authority may have prescribed.
But it is said that the requirement of ten days’ notice as a condition of holding the court is not a mandatory or imperative expression of the legislative will, but directory only; and therefore, though such direction ought to have been followed, the power in respect to which it is given may nevertheless be effectually exercised without observing it; and although the notice was not given to the public as directed by the statute, the proceedings resulting in sentencing the appellant to be hung were valid as if occurring at a regular term of the court. There can be no doubt of this if it be true that the statutory provision is merely directory; but the vitally important question is, is not the provision of the statute an imperative requirement? It is a rule now well established that whenever a thing prescribed by a statute *331 conferring authority to do an act is an essential prerequisite to the exercise of the authority, the validity of the act done will depend on the performance of that antecedent condition, which can not be dispensed with as a mere legislative direction. (Rex v. Laxdale, &c., 1 Burrows, 445; Cooley’s Constitutional Limitations, 74.) I do not doubt that if the publication of the judge’s order for holding the court was only necessary for the convenience of the officers, or for some object not relating to the rights of litigants, and which could not affect them, the omission to observe the direction of the statute would not have invalidated the proceedings of the court in any case; but I maintain that the due publication of the order for holding the court was essential to the rights of litigants and could not be dispensed with. I can conceive of no reason for the required notification more important than to give reasonable time for preparation to those who were to be affected in their rights of life, liberty, or property by the proceedings of the proposed court. Certainly the legislature could not have been unmindful that some such reasonable time was necessary; and it is fair to infer, from the express requirement of at least ten days’ notice, that publication for a shorter period of time was not deemed reasonable or just; and if there were no other reasons for limiting the action of the circuit judge by a strict compliance with the law, it seems to me clearly deducible from the language of the statute itself that the legislature did not intend to confer upon circuit judges the extraordinary power of convening the courts upon a less notice than that prescribed, or without notice at all whenever they might choose to do so.
It is argued that, as a strict construction of the statute under, consideration may affect the validity of the most important judicial proceedings, policy requires a liberal construction with a view to sustaining the jurisdiction of the courts; but it is not difficult, I think, to perceive in an unlimited *332 concession of authority to judicial officers to adjudicate when they may on the rights of individuals, without regard to express laws regulating the terms of courts, far greater evils than can be expected to arise from a rigid adherence to the requirements of the law. Reference has also been made to the uncertainty of the means of notification prescribed by the statute as a reason for treating it as an immaterial requirement; but whether or not, from the causes suggested, the important object of the law may fail, I deem it a sufficient answer to the objection that the legislature, in requiring that notice be posted at the court-house door, simply adopted the most usual and convenient mode of giving public notice. And I have failed to discover, in the references which have been made to the other modes of conferring jurisdiction provided by the statute, any sufficient reason for the non-observance of that which was required in this case. The views I have endeavored to maintain may be further illustrated by reference to some of the many adjudged cases and authorities on this subject.
In the case of Hardin v. Owings, 1 Bibb, 214, this court said: “ The legislative body is the supreme power of the state, and whenever it acts within the pale of its constitutional authority the judiciary is bound by it; and it is not competent to the latter tribunal to dispense with a regulation or requisition plainly prescribed by the former, or to say that this mode, that, or the other is as good as the one dictated by the legislature; for this in fact would be placing the judiciary above the legislature, by enabling the former to nullify the acts of the latter, or to supersede them by substitutes to which the legislature might not have assented had the proposition been submitted to it.” And that opinion is cited with an exj>ression of commendation by Mr. Sedgwick in-his work on Statutory and Constitutional Law, page 381. And in Briggs v. Georgia, 15 Vermont, 61, Judge Hebard, in delivering the opinion of the court, used the following expressive language, which is *333 also approved by Mr. Sedgwick (page 377) : “I am not very well satisfied with the summary mode of getting rid of a statutory provision by calling it directory. If one positive requirement and provision of a statute may be avoided in that way, we see no reason why another may not.”
I can not concur in the opinion suggested that circuit court judges have inherent power to order speoial terms of their courts without express statutory authority. If this be so, why was it necessary to enact any law for conferring such authority?
On this aspect of the question it is, I think, sufficient to refer to the elaborate opinion of this court in the case of Johnson v. Higgins, 3 Metcalfe, 566, in which it is said, with direct reference to the powers which may or may not be exercised at “called or special terms” of circuit courts, “They have no power to render judgments except at terms prescribed by law for the transaction of such business, or the trial of such cases, or at which such business is allowed by law to be done. Such procedure would be emphatically coram non judioe, and the judgment void because forbidden by law.”
Recognizing as I do the requirement of the statute as to notice as an indispensable prerequisite to the right of the judge to convene the court, I am constrained to conclude, with great deference for the opinion of the majority of the court,.that the trial and sentence of conviction were not judicial acts, and are not therefore subject to revision in this court. Having arrived at this conclusion, I refrain from expressing any opinion upon the merits of the case.